# CHARLESTON.

WILLIAM BILLUPS *et al. v.* W. L. BARTRAM, ADMR., *et al.*

Submitted April 1, 1924.   Decided June 6, 1924.

1. DESCENT AND DISTRIBUTION—*Estate of One Dying Intestate and Without Issue, Parents, Brother, or Sister of Whole Blood, Descends to Surviving Brothers of Half Blood.*

    Where one dies intestate and without issue and without father or mother or brother or sister, of the whole blood, but leaves two brothers of the half blood, her whole estate descends to her two surviving brothers of the half blood. (p. 604).

2. SAME—*Where There Are No Next of Kin of the Whole Blood, Brothers of the Half Blood Receive Whole Estate.*

    Sec. 2 of ch. 78 of the code, applies only where the estate is to be distributed among persons of the whole and half blood of the same class, and where there are no next of kin of the whole blood and there are two brothers of the half blood, the brothers of the half blood receive the whole estate. (p. 604).

Appeal from Circuit Court, Wayne County.

Action by William Billups and others against W. L. Bartram, administrator of the estate of Edith Bartram, deceased, and U. G. Bartram and others. From a judgment for plaintiffs, the defendants last named appeal.

*Affirmed.*

*C. F. See, Jr.,* and *Goodykoontz, Scherr & Slaven,* for appellants.

*C. W. Ferguson* and *Marcum & Marcum,* for appellees.

McGINNIS, JUDGE:

William Billups and Leonidus Billups, by their next friend and guardian, Bert Billups, instituted this suit in the Circuit Court of Wayne County, against W. L. Bartram, administrator of the estate of Edith Bartram. The infant plaintiffs complaining say that there came into the hands of the said administrator, personal estate of the said decedent in the amount of $1,253.25, and that the said administrator has made settlement of said estate before a commissioner of accounts and filed his report as a part of their bill, which shows a balance in his hands after paying the debts of his decedent the sum of $737.66, and that they are the only heirs at law of said Edith Bartram, deceased; that the said Edith Bartram, at the time of her death, had no father, mother, brother or sister except the plaintiffs; and pray that the balance in the hands of the administrator be distributed to them.

The administrator files his answer and says that it is true that the infant plaintiffs are the half brothers of the deceased, and further answering says that the personalty in his hands as the property of the decedent at the time of her death is the property and proceeds of the property which descended to her as one of the distributees of John Bartram, deceased, who was the grandfather of the decedent, Edith Bartram; that his decedent was the daughter of Davis Bartram who was the son of John Bartram, who died before the decease of her said grandfather, John Bartram, and that the said decedent left to survive her two half brothers who were the sons of her mother who after the death of her father Davis Bartram, intermarried with Birt Billups, who is the father of said infant plaintiffs; that the said Edith Bartram left to survive her, her half brothers, the plaintiffs, and her grandmother, Mary S. Bartram, surviving widow of John Bartram, deceased, and that the said Mary S. Bartram claims two-thirds of said personalty now in his hands and prays that said Mary S. Bartram be made a party to this suit so that the question of the ownership of said personalty may be litigated and that he may be directed, by the court, as to the manner in which to distribute said property.

Said Mary S. Bartram filed a petition in the cause and

alleges that she, as the grandmother of the decedent, is entitled to two-thirds of the property and alleges that the infant plaintiffs are collaterals of the half blood and that under the laws of this state are only entitled to one-third of the property and that she as the surviving grandmother is entitled to two-thirds thereof and prays to be made a party to this suit and that the estate be so distributed.

U. G. Bartram, W. L. Bartram, J. M. Bartram, Lizzie Wriston, Amanda J. Wilkerson and Abrigal Borders file their petition in the cause, alleging that they are the surviving children of John Bartram, deceased, and brothers and sisters of the said Davis Bartram, deceased, who is the father of the deceased, Edith Bartram, and are uncles and aunts of the whole blood of the decedent and that they are entitled to a distributive share of the estate under the law and pray to be made defendants herein, and that the estate be distributed according to their contentions.

There is no dispute about the facts which are as follows: John Bartram died seized and possessed of considerable real estate and personal property, and left to survive him his widow, Mary S. Bartram, and three sons and three daughters named above, and one grandchild, the said Edith Bartram, who was the daughter of Davis Bartram, deceased, who was a son of the said John Bartram. The widow of Davis Bartram and the mother of said Edith, afterwards married Birt Billups to whom were born the infant plaintiffs, and some time after the birth of the younger of said infants their said mother died and after the death of her said mother the said Edith Bartram departed this life. The estate of John Bartram was distributed equally among his said six living children and his said grandchild the decedent Edith Bartram, who received one-seventh thereof.

The lower court held that the plaintiffs were entitled to the whole of said property and so ordered its distribution. It is said by the appellants' counsel in their brief, that no case can be found in Virginia or West Virginia precisely in point and that this situation is probably accounted for in the further fact that the case at bar is the only instance where the trial court has misconstrued the statute involved. Might not the reason be that the construction of the statute as the

lower court had construed it in this case, is so clearly right that down to this time the appellants are the first to insist upon a different construction?

In *Nunnally* v. *Nunnally,* 12 Ky. Opinions, 295, the court passing upon a similar statute to ours holds that:

"Where an intestate dies without children leaving no father or mother surviving, her estate passes to her brothers and sisters and the fact that they were only of the half blood can make no difference."

"Collaterals of the half blood shall inherit one-half so much as those of the whole blood. But if all the collaterals be of the half blood, the ascending kindred, (if any,) shall have double portions." Sec. 2, ch. 78, Code.

This section applies only where the estate is to be apportioned among those of the same class, that is persons of the whole blood and persons of the half blood of the same class, and as in this case, where the decedent has neither father nor mother and no brother or sister of the whole blood but has two brothers of the half blood, these brothers of the half blood inherit the whole of the estate.

In *Holmes* v. *Lane et al.,* 123 S. W. 318 (Ky.), the court again held that:

"In distributing an estate a distinction is made between brothers and sisters of the whole blood and those of the half blood; the latter receiving half as much as the others, only when the estate is to be apportioned among both classes, and where there is no next of kin of the whole blood these of the half blood receive the whole estate."

Now in this case Edith Bartram, deceased, had no mother and no brother or sister of the full blood at the time of her death. If she had had a brother or sister of the whole blood then he or she would inherit half of the estate and each of her two brothers of the half blood would inherit one-fourth thereof. The principles referred to and attempted to be applied here by which the half brothers take but half as much as the kindred of the full blood, is only applied to that class of cases where there are brothers and sisters of the whole

blood and brothers and sisters of the half blood in which case, those of the whole blood take twice as much as those of the half blood, but where there are no brothers and sisters of the full blood those of the half blood take the whole estate.

We are therefore of the opinion that the lower court did not err in entering the decree complained of and we affirm the same.

*Affirmed.*